JOHN J. SHAEFFER (SBN 138331)
JShaeffer@foxrothschild.com
JOSHUA BORNSTEIN (SBN 311658)
JBornstein@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.:  310-598-4150
Fax:  310-556-9828

Attorneys for Defendant,
TELETRAC NAVMAN US LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELETRAC NAVMAN US LTD,<br><br>　　　　Defendant. | Case No.: 2:24-CV-00939-JWH-DFM<br><br>[Related Case No.: 8:23-CV-01759 JWH-DFM]<br><br>Hon. John W. Holcomb<br><br>**DEFENDANT TELETRAC NAVMAN US LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:  February 2, 2024 |

Defendant Teletrac Navman US Ltd. ("Defendant" or "Teletrac") hereby files its answer ("Answer") to Plaintiff Fleet Connect Solutions, LLC's ("Plaintiff" or "Fleet") Complaint ("Complaint") for Patent Infringement filed on February 2, 2024 (ECF No. 1). Each of the numbered paragraphs below regarding Teletrac's Answer corresponds to the same numbered paragraphs in the Complaint. Teletrac denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Teletrac further denies that Fleet is entitled to any relief, including the relief requested in the Complaint.

## NATURE OF THE ACTION

1. Teletrac admits that the Complaint purports to state claims for patent infringement of U.S. Patent Nos. 6,429,810 (the "'810 Patent"); 7,536,189 (the "'189 Patent"); 7,599,715 (the "'715 Patent"); 7,741,968 (the "'968 Patent"); 9,299,044 (the "'044 Patent"); and 9,747,565 (the "'565 Patent") (the "Asserted Patents"), attached to the Complaint as Exhibits A – F, respectively. Teletrac denies the remaining allegations of Paragraph 1.

2. Teletrac admits that the Plaintiff seeks monetary damages but denies Plaintiff is entitled to any damages in this action.

## PARTIES

3. Paragraph 3 is not directed to Defendant and therefore does not require a response. Teletrac is without sufficient knowledge to allow it to either admit or deny the allegations contained in Paragraph 3 and therefore denies these allegations.

4. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Defendant admits the allegations of Paragraph 4.

5. Admitted.

## JURISDICTION AND VENUE

6. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

7. Teletrac admits that the Complaint alleges infringement of a patent under 35 USC. §§ 271, 281, and 284-85. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Defendant admits this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). Teletrac denies the remaining allegations of paragraph 7.

8. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits to doing business in this District. Teletrac denies the remaining allegations in paragraph 8.

9. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits to doing business in California and that it is subject to the Court's specific and general personal jurisdiction for the purposes of this case only. Teletrac denies the remaining allegations of Paragraph 9.

10. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits to doing business and intending to do business in this District and denies the remaining allegations of Paragraph 10.

11. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits having a place of business in this District and denies the remaining allegations of Paragraph 11.

12. Teletrac admits having a place of business in this District and denies the remaining allegations of Paragraph 12.

13. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits

having a place of business in this District and denies the remaining allegations of Paragraph 13.

14. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac admits using the Accused Products in this District but denies the remaining allegations of Paragraph 14.

## THE ACCUSED PRODUCTS

15. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

16. Teletrac admits that it operates the website www.teletracnavman.com, the content of which speaks for itself and otherwise Teletrac denies the remaining allegations of Paragraph 16.

17. Teletrac admits that it sells, offers for sale fleet management platform, and tracking solution systems. Teletrac denies the remaining allegations of Paragraph 17.

18. Teletrac denies the allegations of paragraph 18.

19. Teletrac denies the allegations of Paragraph 19.

20. Teletrac denies the allegations of Paragraph 20.

21. Teletrac denies the allegations of Paragraph 21.

22. Teletrac denies the allegations of Paragraph 22.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,429,810

23. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

24. Teletrac admits that, according to the information printed on the face of the '810 Patent, the United States Patent and Trademark Office ("USPTO") issued the '810 Patent on August 6, 2002. Teletrac further admits that Fleet alleges that a true and correct copy of the '810 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 24.

25. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore denies them.

26. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 26.

27. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 27.

28. Teletrac denies the allegations of Paragraph 28.

29. Teletrac denies the allegations of Paragraph 29.

30. Teletrac denies the allegations of Paragraph 30.

31. Teletrac denies the allegations of Paragraph 31.

32. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 32.

33. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and therefore denies them.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,593,189**

34. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

35. Teletrac admits that, according to the information printed on the face of the '189 Patent, the United States Patent and Trademark Office ("USPTO") issued the '189 Patent on May 19, 2009. Teletrac further admits that Fleet alleges that a true and

correct copy of the '189 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 35.

36. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies them.

37. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 37.

38. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 38.

39. Teletrac denies the allegations of Paragraph 39.

40. Teletrac denies the allegations of Paragraph 40.

41. Teletrac denies the allegations of Paragraph 41.

42. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and therefore denies them.

43. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 43.

44. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and therefore denies them.

///

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,599,715

45. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

46. Teletrac admits that, according to the information printed on the face of the '715 Patent, the United States Patent and Trademark Office ("USPTO") issued the '715 Patent on October 6, 2009. Teletrac further admits that Fleet alleges that a true and correct copy of the '715 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 46.

47. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47, and therefore denies them.

48. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 48.

49. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 49.

50. Teletrac denies the allegations of Paragraph 50.

51. Teletrac denies the allegations of Paragraph 51.

52. Teletrac denies the allegations of Paragraph 52.

53. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 and therefore denies them.

54. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 54.

55. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55, and therefore denies them.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,741,968**

56. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

57. Teletrac admits that, according to the information printed on the face of the '968 Patent, the United States Patent and Trademark Office ("USPTO") issued the '968 Patent on June 22, 2010. Teletrac further admits that Fleet alleges that a true and correct copy of the '968 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 57.

58. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58, and therefore denies them.

59. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 59.

60. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 60.

61. Teletrac denies the allegations of Paragraph 61.

62. Teletrac denies the allegations of Paragraph 62.

63. Teletrac denies the allegations of Paragraph 63.

64. Teletrac denies the allegations of Paragraph 64.

65. Teletrac denies the allegations of Paragraph 65.

66. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66, and therefore denies them.

67. Teletrac denies the allegations of Paragraph 67.

68. Teletrac denies the allegations of Paragraph 68.

69. Teletrac denies the allegations of Paragraph 69

70. Teletrac denies the allegations of Paragraph 70.

71. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71, and therefore denies them.

72. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 72.

73. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73, and therefore denies them.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 9,299,044**

74. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

75. Teletrac admits that, according to the information printed on the face of the '044 Patent, the United States Patent and Trademark Office ("USPTO") issued the '044 Patent on March 29, 2016. Teletrac further admits that Fleet alleges that a true and correct copy of the '044 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 75.

76. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76, and therefore denies them.

77. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 77.

78. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 78.

79. Teletrac denies the allegations of Paragraph 79.

80. Teletrac denies the allegations of Paragraph 80.

81. Teletrac denies the allegations of Paragraph 81.

82. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82, and therefore denies them.

83. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 83.

84. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84, and therefore denies them.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 9,747,565**

85. Teletrac restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

86. Teletrac admits that, according to the information printed on the face of the '565 Patent, the United States Patent and Trademark Office ("USPTO") issued the '565 Patent on August 29, 2017. Teletrac further admits that Fleet alleges that a true and correct copy of the '565 Patent is attached to the Complaint. Teletrac denies the remaining allegations of Paragraph 86.

87. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87, and therefore denies them.

88. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 88.

89. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 89.

90. Teletrac denies the allegations of Paragraph 90.

91. Teletrac denies the allegations of Paragraph 91.

92. Teletrac denies the allegations of Paragraph 92.

93. Teletrac denies the allegations of Paragraph 93.

94. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac denies the allegations of Paragraph 94.

95. The allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed to be factual, Teletrac is without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95, and therefore denies them.

# JURY DEMAND

96. Teletrac admits that the Complaint requests a trial by jury on all issues so triable by right.

# AFFIRMATIVE AND OTHER DEFENSES

By asserting these affirmative and other defenses, Defendant does not admit that it necessarily bears the burden of proof of persuasion for any of the defenses or issues alleged below. Moreover, at this time, Defendant has insufficient information and knowledge upon which to form a belief as to whether additional defenses are or will later become available to them. Defendant reserves the right to amend its response to the Complaint to add, delete, or modify defenses based on additional facts and legal theories which they may or will learn, including that which may be divulged through clarification of the Complaint, through discovery, through change, or clarification of governing law, or through further analysis of Plaintiff's allegations and claims in this litigation. Subject to the foregoing, and without prejudice to its denial of the allegations in Plaintiff's Complaint, for its affirmative and other defenses in this action, Defendant hereby asserts and alleges the following:

### FIRST DEFENSE – NON-INFRINGEMENT OF THE '810 PATENT

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '810 Patent.

### SECOND DEFENSE – INVALIDITY OF THE '810 PATENT

One or more of the claims of the '810 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – NON-INFRINGEMENT OF THE '189 PATENT

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '189 Patent.

///

**FOURTH DEFENSE – INVALIDITY OF THE '189 PATENT**

One or more of the claims of the '189 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**FIFTH DEFENSE – NON-INFRINGEMENT OF THE '715 PATENT**

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '715 Patent.

**SIXTH DEFENSE – INVALIDITY OF THE '715 PATENT**

One or more of the claims of the '715 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**SEVENTH DEFENSE – NON-INFRINGEMENT OF THE '968 PATENT**

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '968 Patent.

**EIGHTH DEFENSE – INVALIDITY OF THE '968 PATENT**

One or more of the claims of the '968 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**NINTH DEFENSE – NON-INFRINGEMENT OF THE '044 PATENT**

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '044 Patent.

**TENTH DEFENSE – INVALIDITY OF THE '044 PATENT**

One or more of the claims of the '044 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**ELEVENTH DEFENSE – NON-INFRINGEMENT OF THE '565 PATENT**

Teletrac has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '565 Patent.

## TWELFTH DEFENSE – INVALIDITY OF THE '565 PATENT

One or more of the claims of the '565 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## THIRTEENTH DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

## FOURTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

By reason of amendments and/or statements made in and to the United States Patent and Trademark Office, during the prosecution of the applications that issued as the Asserted Patents, Plaintiff is estopped from construing the claims of the Asserted Patents in such a way as may cover Defendant's activities and/or products.

## FIFTEENTH DEFENSE – TIME LIMITATION ON DAMAGES

Fleet's claims for damages are barred, in whole or in part, by 35 U.S.C. § 286.

## SIXTEENTH DEFENSE – FAILURE TO MARK

Fleet's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287 due to Fleet's failure to provide proper notice of any alleged infringement to Teletrac before service of its Original Complaint, and because Fleet has failed to require licensees to mark any embodying products with the patent numbers of the Asserted Patents.

## SEVENTEENTH DEFENSE – LIMITATION ON COSTS

Fleet's claims for costs are barred, in whole or in part, by 35 U.S.C. § 288.

## EIGHTEENTH DEFENSE – EQUITABLE DEFENSES

Fleet's claims are barred by one or more of the doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, unenforceability, and/or any other equitable remedy.

///

///

### NINETEENTH DEFENSE – NO INJUNCTIVE RELIEF

To the extent Fleet purports to request injunctive relief, any such claim is barred because Fleet has not suffered and will not suffer irreparable harm because of Teletrac's conduct, and, instead, has adequate remedies at law.

### TWENTIETH DEFENSE – LACHES

To the extent Fleet purports to request injunctive relief, any such claim is barred by the doctrine of laches. Fleet cannot show irreparable harm in light of its delay in filing its Original Complaint and ongoing failure to seek injunctive relief.

### TWENTY-FIRST DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff's claims are barred, in whole or in part, from obtaining any recovery from the Defendant given Plaintiff's failure to mitigate its alleged damages, if any.

### TWENTY-SECOND DEFENSE – ABSENCE OF IRREPARABLE HARM

Plaintiff's claims are barred, in whole or in part, because Plaintiff will not suffer any irreparable harm and has an adequate remedy at law.

### TWENTY-THIRD DEFENSE – INEQUITABLE RELIEF

Plaintiff's claims are barred, in whole or in part, because such relief would be inequitable.

### TWENTY-FOURTH DEFENSE – NO DAMAGES

Plaintiff's claims are barred, in whole or in part, because there have been no damages in any amount by reason of any act alleged against the Defendant.

### TWENTY-FIFTH DEFENSE – NO EXCEPTIONAL CASE

Teletrac has engaged in all relevant activities in good faith and, therefore, Teletrac's actions do not give rise to an exceptional case under 35 U.S.C. § 285.

### TWENTY-SIXTH DEFENSE – RESERVATION OF RIGHTS

The Defendant presently has insufficient knowledge or information to form a belief as to whether additional affirmative defenses are available. Accordingly, the Defendant hereby expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

No answer is required to the allegations contained in Plaintiff's prayer for relief. To the extent a response is required, Defendants deny that they engaged in any of the alleged conduct and deny that Plaintiff is entitled to any of the relief that it seeks.

WHEREFORE, having fully answered, Defendant prays that this Court deny all relief sought by Plaintiff, enter judgment in favor of the Defendant and against Plaintiff, award the Defendant its costs and attorneys' fees pursuant to 35 U.S.C. § 285, and grant the Defendant such other relief as the Court deems just and proper.

Dated:  February 23, 2024                   FOX ROTHSCHILD LLP

By: /s/ *John Shaeffer*
    John J. Shaeffer
    Joshua Bornstein
Attorneys for Defendant
TELETRAC NAVMAN US LTD.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues triable to a jury.

Dated: February 23, 2024

FOX ROTHSCHILD LLP

By: /s/ *John Shaeffer*
John J. Shaeffer
Joshua Bornstein

Attorneys for Defendant
TELETRAC NAVMAN US LTD.